COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| J.M., A DELINQUENT CHILD | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| APPELLANT | : | |
| | : | |
| | : | Case No. 17 CAF 03 0015 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court of Common Pleas, Juvenile Division, Case Nos. 16100692TR, 16102337DL

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    September 12, 2017

APPEARANCES:

For Appellant

DAVID H. BIRCH
2 West Winter Street
Delaware, Ohio 43015

For Appellee

CAROL HAMILTON O'BRIEN
Prosecuting Attorney

By: R. JOSEPH VARVEL Assistant
Prosecuting Attorney Delaware
County Prosecutor's Office
140 North Sandusky Street
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}    Appellant J.M., a juvenile, appeals from the decision of the Delaware County Court of Common Pleas, Juvenile Division, denying his Motion to Suppress. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On October 25, 2016, a traffic citation was filed against appellant in the Delaware County Court of Common Pleas, Juvenile Division, citing appellant for operating a vehicle while under the influence of alcohol or drugs (OVI) in violation of R.C. 4511.19. On October 27, 2016, complaints against appellant were filed in the same court charging him with being an unruly child in violation of R.C. 2151.022(A) and offenses involving underage persons in violation of R.C. 4301.69(E)(1). Appellant denied all of the charges.

{¶3}    Appellant, on December 8, 2016, filed a Motion to Suppress. Appellant, in his motion, argued that the stop, continued detention and investigation of him was without reasonable articulable suspicion and/or probable cause and that the Officer's request for him to submit to the horizontal gaze nystagmus test (HGN) was made without first obtaining reasonable suspicion that appellant was driving while impaired. Appellant also alleged that his arrest was without probable cause and that the HGN test was not conducted in compliance with NHTSA standards. Appellee filed a response to the same on January 10, 2017. A hearing on the motion was held on January 10, 2017.

{¶4}    At the hearing, Deputy Phillip Flahive of the Delaware County Sheriff's Office testified that he was in uniform in a stationary marked cruiser at approximately 4:00 a.m. on October 23, 2016 when he observed a vehicle traveling westbound on Home Road. The vehicle was completely occupied and all of the occupants "maintained a

straight forward visual" as they passed the Deputy. Transcript of Suppression Hearing at 10. As the vehicle passed him, Deputy Flahive pulled out and followed the vehicle and noticed at that time that the vehicle's right turn signal was activated. According to the Deputy, the vehicle proceeded to slow down and started to drift off of the roadway into the grass and "it essentially picked a driveway and proceeded down the driveway." Transcript of Suppression Hearing at 11. Deputy Flahive conducted a registration check on the vehicle and found out that it was registered to a different part of the county. He testified that he did not stop the vehicle at that time.

{¶5} Deputy Flahive then pulled into the driveway of a local business, turned the lights on his cruiser off and waited to see if the vehicle reappeared. According to him, a very short time later, the vehicle passed him again while traveling westbound on Home Road with the same number of occupants. After the vehicle passed him, Deputy Flahive turned his headlights on and continued following the vehicle. He testified that when he pulled out, the vehicle activated a left turn signal and turned down Bridlespur Lane, a dead end street, while accelerating. Deputy Flahive testified that he observed the vehicle pull into a driveway and the lights of the vehicle go out. When asked how far the vehicle pulled into the driveway, he testified that it was approximately 25-30 feet from the roadway and that the driveway was substantially longer.

{¶6} Deputy Flahive then activated his red and blue overhead lights and pulled in behind where the vehicle was stopped. He then approached the vehicle and spoke with appellant, the driver. The following testimony was adduced when Deputy Flahive was asked about appellant's demeanor:

A: More or less excitable. He was kind of all over the map when I was speaking to him. He was very, um, wanted very much to hand, get, hand me his license almost immediately upon speaking with him. Um, asked to exit the vehicle. Um, it was kind of a roller coaster with how he was acting. He was very excited or excitable I guess is how you should describe it. Nervous demeanor too as well with speaking to me.

{¶7} Transcript of Suppression Hearing at 21-22. Deputy Flahive further testified that upon speaking with the occupants of the vehicle, he detected an odor of alcoholic beverages coming from the vehicle. None of the vehicle's occupants, who were all under 18 years old, had identification on them and a Taser was in the center console of the vehicle. Appellant, according to Deputy Flahive, indicated that he was nervous because "people keep tripping in the car." Transcript of Suppression Hearing at 25.

{¶8} Once back up assistance arrived, appellant and the other occupants of the vehicle were asked to exit the vehicle. Deputy Flahive spoke with appellant and observed that he had bloodshot, glassy eyes and had an odor of alcoholic beverage coming from his breath. Appellant also appeared to be somewhat unsteady on his feet. Appellant, when asked, denied that he had been drinking but then indicated that he was the designated driver. When questioned about the odor of alcohol in the vehicle, appellant then blamed the passengers. Deputy Flahive had appellant submit to an HGN test. He testified that appellant exhibited six out of six clues on the test. Appellant was then arrested for OVI.

{¶9} On cross-examination, Deputy Flahive testified that he found it "unusual that all heads were straight ahead and that the vehicle was occupied multiple times at this

time of the morning." Transcript of Suppression Hearing at 53. He further testified that the vehicle had traveled a tire width off of the roadway when pulling into the first driveway.

{¶10} The trial court, pursuant to a Judgment Entry filed on January 20, 2017, denied appellant's Motion to Suppress. Thereafter, on January 26, 2017, appellant entered a plea of no contest to one count of OVI and one count of underage consumption. As memorialized in a Judgment Entry filed on January 27, 2017, appellant was adjudicated a traffic offender on the OVI charge and a delinquent child on the underage consumption charge. The remaining charge was dismissed. A Nunc Pro Tunc Judgment Entry was filed on February 1, 2017. Following the disposition hearing on February 14, 2017, a Judgment Entry Disposition was filed on the same day.

{¶11} Appellant now raises the following assignment of error on appeal:

{¶12} I. THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S DRIVING CONSTITUTED REASONABLE AND ARTICULABLE SUSPICION TO BELIEVE A CRIME HAD BEEN COMMITTED AND THUS OVERRULING HIS MOTION TO SUPPRESS.

I

{¶13} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress. We disagree.

{¶14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d

1141(4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726(4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623, 620 N.E.2d 906 (4th Dist.1993); *Guysinger, supra.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "[A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶15} Appellant specifically argues that Deputy Flahive lacked reasonable and articulable suspicion to stop appellant's vehicle. The Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather, the standard is reasonable and articulable suspicion. *State v. Mays,* 119 Ohio St.3d 406, 2008–Ohio–4539, 894 N.E.2d 1204, ¶ 23. Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts that an occupant is or has been engaged in criminal activity. *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.E.2d 889 (1968). Reasonable suspicion constitutes something less than

probable cause. *State v. Carlson,* 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist.1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo,* 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus.

**{¶16}** Appellee contends that appellant committed a marked lanes violation by driving his vehicle off the side of the roadway after first passing Deputy Flahive and that the traffic stop was justified by such violation. Appellee maintains that "even the deputy did not think this was a traffic violation because he did not stop the vehicle at that time but went on." However, as noted by the trial court, even absent the traffic violation, Deputy Flahive had reasonable and articulable suspicion to stop appellant's vehicle for purposes of investigation. Appellant was observed driving at 4:00 a.m. with a vehicle full of passengers. All of the vehicle's occupants were looking straight ahead as appellant's vehicle passed the cruiser. Once Deputy Flahive pulled in behind appellant's vehicle, appellant immediately activated his right turn signal and pulled into a driveway. Shortly thereafter, Deputy Flahive observed the same vehicle pass him with the same number of passengers. When he pulled behind appellant's vehicle again, appellant immediately signaled a turn and accelerated. Appellant turned into a residential driveway on a dead end street and then turned out the vehicle's lights. Deputy Flahive testified that appellant's vehicle was 25-30 feet from the roadway and far from the house or garage. We concur with the trial court that appellant's furtive behavior combined with the fact that appellant pulled into the far end of a residential driveway and immediately darkened his lights provided Deputy Flahive with reasonable and articulable suspicion.

**{¶17}** Based on the foregoing, we find that the trial court did not err in denying appellant's Motion to Suppress.

**{¶18}** Appellant's sole assignment of error is, therefore, overruled.

**{¶19}** Accordingly, the judgment of the Delaware County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

John Wise, J. concur.

Delaney, P.J. concurs separately.

*Delaney, P.J., concurs separately*

{¶20} I concur with the majority's disposition of appellant's sole assignment of error but for a different reason.

{¶21} I agree with the trial court's finding there existed probable cause to stop appellant's vehicle for a marked lanes violation, albeit a de minimis violation.

{¶22} However, I disagree with the majority's conclusion in ¶16 that "even absent the traffic violation" the deputy had a reasonable and articulable suspicion to stop appellant's vehicle based on "furtive behavior" and pulling into a residential driveway and darkening the vehicle's lights. Such conduct, even if believed, but without more, does not indicate the occupants of the vehicle are or have been engaged in criminal activity.